Amos Denslow **FAUX–BURHANS**

v.

**COUNTY COMMISSIONERS OF FREDERICK COUNTY.**

Civ. No. S–87–2556.

United States District Court, D. Maryland.

Dec. 17, 1987.

Paul Victor Jorgensen, Middletown, Md., for plaintiff.

Lawrence E. Speelman, Co. Atty., Joseph E. Emerson, Deputy Co. Atty., Frederick, Md., for defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This is a case within the federal question and civil rights enforcement jurisdictions of this Court, 28 U.S.C. §§ 1331 and 1343, in which the plaintiff, owner-operator of a small private airfield in Frederick County, Maryland, challenges the County's zoning restrictions on private airfield operations as set forth in § 1–19–381 of the Frederick County Zoning Ordinance. The challenge is based on three grounds. First, plaintiff claims that the County Zoning Ordinance, insofar as it attempts to regulate his airfield, is pre-empted by federal law. (Plaintiff's complaint does not identify the allegedly pre-empting statute(s), but his summary judgment opposition does.) Second, plaintiff claims that application of the County Zoning Ordinance to him constitutes state action which has deprived him of federal rights, giving him a claim under 42 U.S.C. § 1983 for "devaluation of his property, loss of investments, lost past and future income, and emotional distress and mental anguish." Third, and finally, plaintiff asserts a state-law based claim, *viz.*, that the Frederick County Zoning Ordinance's regulation of private airports is pre-empted by Maryland state law (Md. Transp. Code Ann. §§ 5–601—5–617 (1977)). The defendant has moved for summary judgment and has supplemented its motion as directed by the Court, and the plaintiff has filed a consolidated response. No oral hearing is necessary. Local Rule 6, D. Md.

The facts alleged in the plaintiff's complaint are entirely uncontested. In 1980, a special exception was granted to plaintiff's father-in-law to operate, within an agricultural zone, a private airfield in accordance with the restrictions on use and operation of such airfields as set forth in the Frederick County Zoning Ordinance, at § 1–19–381 (1977). (These restrictions are discussed *post* in some detail.) In 1983, plaintiff's father-in-law conveyed the airport parcel of his property to plaintiff, a federally licensed aircraft mechanic and inspector. Even before this conveyance, plaintiff had been using the field (on which he had erected a hangar) as a facility to inspect and repair general aviation (private) aircraft. After the conveyance, plaintiff paved the runway and improved the hangar. He registered the facility as a private airport with both the Federal Aviation Administration and the Maryland State Aviation Administration. When he was informed in 1985 by Frederick County authorities that his use of the improved facility was still subject to the restrictions of § 1–19–381, he applied for, but was denied,

a public airport special exception (which would have allowed greater use of the field than permitted under § 1–19–381). He also proposed an amendment to the County Zoning Ordinance, which was rejected. The plaintiff was, however, allowed to continue operating in accordance with the 1980 special exception, permitting use of the field as a private airport in conformity with the restrictions of § 1–19–381. This suit followed the denial of the public airport special exception. It does not challenge that denial, but, instead, is aimed directly at the use restrictions imposed on private fields by § 1–19–381.

■ The Court first addresses the federal pre-emption issue. Pre-emption of state and local regulation of a particular subject matter by Congressional enactment is a well-known, but infrequently encountered, phenomenon of American constitutional law, with ancient (at least by American standards) origins. *See Cooley v. Board of Wardens,* 53 U.S. (12 How.) 299, 13 L.Ed. 996 (1852). It poses entirely a question of federal statutory construction, depending for its application in a particular case upon ascertainment of the intent of Congress to enact a pervasive scheme of regulation of the subject matter. *City of Burbank v. Lockheed Air Terminal, Inc.,* 411 U.S. 624, 633, 93 S.Ct. 1854, 1859, 36 L.Ed.2d 547 (1973). In the *City of Burbank* case, the Supreme Court found federal pre-emption of local regulation of aircraft noise emissions at airports by federal statute, *viz.,* the Federal Aviation Act of 1958, 72 Stat. 731, as amended by the Noise Control Act of 1972, 86 Stat. 1234, and the regulations promulgated pursuant thereto in 14 C.F.R., pts. 71, 73, 75, 77, 91, 93, 95 and 97. In *City of Burbank* and cases that have followed it, *e.g., Pirolo v. City of Clearwater,* 711 F.2d 1006 (11th Cir.1983), the local noise regulations in question clearly infringed upon the federally pre-empted regulation of navigable airspace, by directly affecting the manner in which, and the type of aircraft by which, flight operations were to be conducted from airports that were otherwise open to air traffic in general.

■ In the instant case, plaintiff can point to no federal statute or regulation explicitly or implicitly pre-empting the broad areas of regulation of the size, scope, and manner of operations at a private airport such as his. The ordinance in question does not regulate noise emissions or the actual conduct of flight operations within navigable airspace. Rather, the Frederick County zoning law regulates intensity of use (by number of aircraft), the type of aircraft that can use the facility (by takeoff distance required), the clear zone at the runway ends (by prohibiting building thereon), the locale of operation (by set-back requirements), and the type of aircraft operations (by prohibiting instructional flights). Certainly, these are all areas of valid local regulatory concern, none of which is federally pre-empted, and none of which inhibits in a proscribed fashion the free transit of navigable airspace. And, just as certainly, no federal law gives a citizen the right to operate an airport free of local zoning control.

Nothing in *City of Burbank* itself requires a finding of federal pre-emption in this case, in view of its limited holding (extending only to regulation of noise emissions by operating aircraft). Indeed, the legislative history quoted in (now Chief) Justice Rehnquist's dissenting opinion shows an intent by Congress not to restrict "the authority of units of local government ... through the exercise of land use planning and zoning powers." 411 U.S. at 650, 93 S.Ct. at 1868. The plaintiff can point to no case law extending the pre-emption holding of *City of Burbank* to the lengths he now would seek to stretch it, and this Court holds that the ordinance in question is not federally pre-empted.

■ Plaintiff's second set of claims, under 42 U.S.C. § 1983, is likewise meritless. First, to the extent that a claim is attempted to be asserted for an unconstitutional taking of plaintiff's property without just compensation, the Court simply notes that, under the 1987 trilogy of land use cases decided by the Supreme Court, plaintiff has no claim. He has not been deprived of "all use" of his property, because

he continues to operate it (although not on the larger scale he would like) under and in conformity with the special exception granted his father-in-law in 1980. *First English Evangelical Lutheran Church v. County of Los Angeles,* —— U.S. ——, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987). There has also been no taking in the sense of a non-consensual acquisition of public rights in, or imposition of a public easement upon, plaintiff's private property, given the County's legitimate, substantial interest in regulating the land used for airports, an interest that implicates safety and land-use (developmental) considerations far transcending the questions of noise and airspace regulation that may be beyond County control. Certainly, the County has a legitimate, substantial interest (which was referred to in the plaintiff's zoning cases) in planning the future development of the presently agricultural area surrounding plaintiff's property, and it may properly decide that the Zoning Ordinance's use restrictions on private airfields promote the overall development scheme of the County. Thus, there has been no unconstitutional taking of plaintiff's property. *Nollan v. California Coastal Com.,* —— U.S. ——, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987); *Keystone Bituminous Coal Ass. v. DeBenedictis,* —— U.S. ——, 107 S.Ct. 1232, 94 L.Ed. 2d 472 (1987). To the extent that plaintiff argues deprivation of a federal right to free transit of airspace, the argument fails (in the context of the challenged Ordinance) for reasons discussed *ante* in connection with his pre-emption claim. Even if this right were infringed because of pre-emption, a concept flowing from the Constitution's supremacy clause, there is no right of action recognized under 42 U.S.C. § 1983 for violation of the supremacy clause. *Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979). For the reasons stated, then, summary judgment will be entered for defendants on plaintiff's first two causes of action.

Finally, because plaintiff's federal claims are patently meritless, it is appropriate to dismiss his third, pendent state-law based cause of action. *United Mine Workers v.*

*Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed. 2d 218 (1966).

There is no need to discuss the *res judicata* argument raised by defendant.

For the reasons stated, an order will be entered separately, granting summary judgment for defendant, against plaintiff, on the plaintiff's first two causes of action, and dismissing his third cause of action for want of federal subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).